```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


NANCY EWERT, JACQUELINE HART,    §
SUSAN HEIKKINEN, CHRISTINA       §
MURO, DONNA SMITH, SHELLIE       §
STEWARD, and DIANE TOWERY,       §
                                 §
     Plaintiffs,                 §
                                 §
v.                               §      CIVIL ACTION NO. H-07-3065
                                 §
POLY IMPLANT PROTHESES,          §
SOCIETE ANONYME,                 §
                                 §
     Defendant.                  §
```

MEMORANDUM AND ORDER ON DISMISSAL

This is a products liability and breach of warranty suit in which Plaintiffs Nancy Ewert, Jacqueline Hart, Susan Heikkinen, Christina Muro, Donna Smith, Shellie Steward, and Diane Towery (collectively "Plaintiffs") allege that their saline breast implants deflated. Plaintiffs represent that Ewert, Hart, Muro, and Steward reside in California; Towery resides in Texas; and Heikkinen and Smith reside in Florida. Document No. 30 at 1-2. According to Plaintiffs, their implants were designed and manufactured by Poly Implant Protheses ("Poly Implant"), a French company, id. at 3, and were distributed and marketed in the United States by P.I.P./USA, Inc. ("P.I.P./USA"), a Florida corporation. Id. Plaintiffs' Second Amended Complaint alleges that P.I.P./USA

is an alter-ego, joint venturer, or partner of Poly Implant. *See* Document No. 30 at 22-25.[1]

Because Plaintiffs' pleadings named both Poly Implant *and* P.I.P./USA as "Defendants herein," *see* Document No. 1 at 1; Document No. 20 at 1; Document No. 30 at 1, and because Plaintiffs Heikkinen and Smith were allegedly domiciled in Florida[2] and P.I.P./USA was incorporated in Florida at the commencement of the suit, the Court ordered the parties to show cause why this case should not be dismissed for want of subject matter jurisdiction. Document No. 46.

Plaintiffs have responded to the Show Cause Order and moved to file a Third Amended Complaint. *See* Document No. 47. Plaintiffs' Third Amended Complaint is identical to the Second Amended Complaint in almost every respect, except that Plaintiffs propose to drop a specific allegation that P.I.P./USA is the alter ego of Poly Implant. *Compare* Document No. 47 ex. A, *with* Document No. 30. Plaintiffs still propose to name P.I.P./USA, a citizen of Florida, as a defendant in the Third Amended Complaint. Document No. 47 ex. A, at 1.

---

[1] If P.I.P./USA was an alter-ego of Poly Implant, then Poly Implant is also deemed to be a citizen of Florida. *See* Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 555-59 (5th Cir. 1985); Kuehne & Nagel (AG & Co.) v. Geosource, Inc., 874 F.2d 283, 290-91 (5th Cir. 1989).

[2] Plaintiffs acknowledge in their response to the Show Cause Order that Heikkinen and Smith were domiciliaries of Florida when suit was filed. *See* Document No. 47 at 2.

2

The first sentence of the proposed Third Amended Complaint alleges: "COMES NOW JACQUELINE HART, SUSAN HEIKKINEN, CHRISTINA MURO, DONNA SMITH, SHELLIE STEWARD and DIANE TOWERY, Plaintiffs herein, complaining of Poly Implant Protheses, Societe Anonyme, a French Corporation, **_and P.I.P./USA, Inc., a Florida Corporation, Defendants herein_** . . . ." Document No. 47 ex. A, at 1 (emphasis added). Although Plaintiffs in the caption of their Complaint name only Poly Implant, the Court necessarily looks to the substance of the Complaint to see whose conduct is the subject of the claim and against whom the action is alleged. *See* Jones v. Louisiana, 764 F.2d 1183 (5th Cir. 1985) (looking to substance of the complaint in determining that the action was against the president of a university even though he was not listed as a defendant); Yeseta v. Baima, 837 F.2d 380, 383 (9th Cir. 1988) ("Since the [Defendant] was sufficiently identified in the body of the complaint, the action was properly maintained."); Blanchard v. Terry & Wright, Inc., 331 F.2d 467, 469 (6th Cir. 1964) ("We must look to the allegations of the complaint in order to determine the nature of the plaintiffs' cause of action."); *see also* 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1321, 388 (2004) ("[T]he caption is not determinative as to the identity of the parties to the action . . . .").

Plaintiffs specifically allege *both* in their live Second Amended Complaint and in their proposed Third Amended Complaint, in

3

the "Statement of Facts Applicable to All Counts," that Defendant Poly Implant manufactured, marketed, distributed and/or sold pre-filled saline breast implants, and "Defendant PIP/USA marketed, distributed, and/or sold breast implants"; that "Defendant PIP also gave a ten year warranty," that no writing was issued "by either Defendant Poly Implant Prostheses or Defendant PIP/USA [that] either excludes or modifies the implied warranty of merchantability or the implied warranty of fitness for a particular purpose [under Texas law] nor limits the remedies for breach of any warranty." These allegations against "Defendant PIP/USA" are incorporated into each count of Plaintiffs' Second (and proposed Third) Amended Complaint.

Although Plaintiffs' proposed Third Amended Complaint now seeks "judgment against *Defendant*"[3] in the singular, elsewhere in the same sentence Plaintiffs "pray Defendants [in the plural] be cited to appear and answer herein . . . ." Id. at 23 (emphasis added). The Court gains an impression from all of this that some sleight of hand is being attempted, wherein "Defendant PIP/USA" is not included in the caption of the case and where relief may formally be sought only against Poly Implant of France, but where the substance of this products liability/breach of warranty claim is that "Defendant PIP/USA marketed, distributed and/or sold breast

---

[3] All prior Complaints sought "judgment against *Defendants*." Document No. 1 at 16-17 (emphasis added); Document No. 20 at 28 (same); Document No. 30 at 26 (same).

4

implants," "gave a ten year warranty," and whose conduct is charged as a basis for its parent company's liability.  If relief is sought against this Florida corporation actually named as a defendant in the complaint(s), there is no diversity of citizenship.  If relief is not sought against this Florida corporation, but the parent company's liability is premised upon the Florida corporation's conduct in the United States acting for its parent in marketing, distribution, sales, and the making of warranties that bind the parent and for which the parent is liable, then the parent corporation in France also takes on the Florida citizenship of its alter ego subsidiary.  *See infra* note 1.[4]  Plaintiffs, although given additional time to do so in the Show Cause Order, have not established that there is complete diversity of citizenship between the parties such as to confer upon this Court original jurisdiction.

---

[4] Plaintiffs alternatively argue that P.I.P./USA cannot be a party to this action because it is a dissolved corporation. Document No. 47 at 4.  The capacity of P.I.P./USA to be sued is determined by the law of the state where it is incorporated--Florida.  FED. R. CIV. P. 17(b)(2); *see also* Texas Clinical Labs, Inc. v. Leavitt, 535 F.3d 397, 402 (5th Cir. 2008).  Under Florida law, "[a] dissolved corporation continues its corporate existence," FLA. STAT. ANN. § 607.1405(1) (West 1993), and its dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name."  FLA. STAT. ANN. § 607.1405(2)(3); *see also* Deleo v. Swirsky, No. 00 CC 6917, 2001 WL 687458, at *9 (N.D. Ill. June 19, 2001) (applying Florida law).  Therefore, contrary to Plaintiffs' allegations, P.I.P./USA still exists for the purposes of litigation and it remains a citizen of Florida.  *See* Harris v. Black Clawson Co., 961 F.2d 547, 550 (5th Cir. 1992) (stating that an inactive or dissolved corporation is a citizen of the state of its incorporation).

Accordingly, it is

ORDERED that this action is DISMISSED for lack of subject matter jurisdiction.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 27th day of October, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE